IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE<br><br>ECGPR, LLC<br><br>Debtor | CASE NO. 25-04341 (ESL)<br><br>CHAPTER 11 |
| JOSÉ ROBERTO LÓPEZ AVILÉS,<br>NEREIDA MAYMÍ OSORIO<br><br>Plaintiff<br><br>vs.<br><br>ECGPR, LLC<br><br>Defendant | ADVERSARY NO. 25-00056 (ESL)<br><br>FILED AND ENTERED 8/14/2026 |

OPINION AND ORDER

This case is before the court upon a *sua sponte* concern as to whether abstention is appropriate, which prompted the filing of the following motions: the *Motion for Abstention Pursuant to 11 U.S.C. § 305* filed by José Roberto López Avilés ("**López Avilés**") and Nereida Maymí Osorio ("**Maymí Osorio**", and jointly with López Avilés, the "**Movants**") on January 19, 2026 (the "**Motion for Abstention**", dkt. #62), the *Reply to Motion for Abstention Pursuant to 11 USC 305* filed by ECGPR, LLC ("**ECGPR**" or "**Debtor**")on January 20, 2026 (the "**Opposition**", dkt. #63), the *Sur-Reply to Movants' Reply in Support of Motion for Abstention Pursuant to 11 U.S.C. § 305(a)* filed by Movants on January 23, 2026 (the "**Reply**", dkt. #72), and the *Sur-Reply to Movants' Reply in Support of Motion for Abstention Pursuant to 11 U.S.C. § 305(a)* filed by ECGPR on January 26, 2026 (the "**Sur-Reply**", dkt. #74).

For the reasons stated herein, the *Motion for Abstention* (dkt. #62) is GRANTED.

Legal Issue

Whether the court should abstention pursuant to Section 305 of the Bankruptcy Code, 11 U.S.C. § 305(a)(1), and, consequently, dismiss this case.

## Factual and Procedural Background

### A. The Collateral and Relationship Between the Parties

1. On March 12, 2022, Movants (as sellers) and ECGPR (as purchaser) executed *Deed No. 9 of Deed of Sale and Constitution of Mortgage* ("**Sale and Mortgage Deed**") for the sale of Property No. 11231 in Salinas, Puerto Rico (the "**Property**"). See *Sale and Mortgage Deed*, dkt. #31, pp. 35-45, and *Mortgage Note*, dkt. #31, pp. 56-57[1].

2. The purchase price was fixed at $900,000, with Movants receiving $200,000 at execution.

3. On May 19, 2022, López Avilés and ECGPR executed an *Addendum to the Deed of Sale and Mortgage and Acknowledgment of Partial Payment on Mortgage Debt* ("**Addendum**") to amend the payment terms so that the eight-month maturity of the mortgage note would begin to run upon the issuance of a *nunc pro tunc* amendment in the Movants' divorce case (Civil Case No. G JV 2002-0309). See *Addendum*, dkt. #31, pp. 47-49.[2]

4. Thereafter, ECGPR made a partial payment of $75,000 (Check No. 1674) to Movants.

5. On October 4, 2023, López Avilés and ECGPR executed *Contract for Ratification of Sale and Acknowledgment of Debt* ("**Ratification**"), whereby they stipulated that ECGPR had paid $275,000 of the purchase price, and that the remaining balance of $625,000 would be paid as follows: (a) $300,000 within ninety (90) days of execution, and (b) $325,000 within six (6) months thereafter. See *Ratification*, dkt. #31, pp. 50-52.[3]

---

[1] The referenced document(s) is(are) in Spanish, and no English translation has been provided. This court may only consider the merits of those documents filed in the English language. As such, the court will only note the existence of the referenced documents, not their contents. See 48 U.S.C. § 864 ("All pleadings and proceedings in the United States District Court for the District of Puerto Rico shall be conducted in the English language."); L. Civ. R. 5(c) ("All documents not in the English language which are presented or filed, whether as evidence or otherwise, must be accompanied by a certified translation into English…"); P.R. LBR 9070-1(c) ("All Exhibits and documentary evidence in Spanish or other language shall be fully translated to the English language by a certified translator."); In re Bernier, 2022 WL 17096264, at *6-7, 2022 Bankr. LEXIS 3283, at *17-18 (Bankr. D.P.R. 2022) (holding that documents not in the English language should not be considered).

[2] Ibid.

[3] Ibid.

6. Also on October 4, 2023, López Avilés delivered the original *Mortgage Note* to ECGPR. See dkt. #31, ¶ 17 ("Movants' allegation: "[i]t was further agreed that to enable ECGPR LLC to obtain financing, plaintiff López Avilés would deliver the original mortgage note **for notarial cancellation**, such delivery not constituting forgiveness of the debt but solely releasing the lien to facilitate the loan for full payment.");

7. Also on October 4, 2023, ECGPR executed *Deed No. 8 for Cancellation of Mortgage* ("**Cancellation Deed**") for the cancellation of the mortgage note. See *Cancellation Deed*, dkt. #31, pp. 53-55.[4]

8. Thereafter, ECGPR made no further payments to Movants.

9. On May 21, 2024, Movants filed a suit against ECGPR and its managing member, Mr. Edgardo Luis Fernández Laborde ("**Mr. Fernández Laborde**") in the Puerto Rico Court of First Instance, in the case stylized Lopez Aviles et al v. ECGPR LLC, Case No. SA2024CV00164 (the "**State Court Action**"), for breach of contract, fraud, unjust enrichment, and constructive trust, "solely predicated upon the law of the Commonwealth of Puerto Rico", and relating to the sale of the Property (dkt. #62, ¶ 25). See *Amended Complaint*, dkt. #31, pp. 9-34.[5]

10. On September 2, 2025, the Puerto Rico Court of First Instance entered a *Resolution and Order* in the State Court Action ("Resolución y Orden") (dkt. #79, pp. 5-16).[6]

11. On September 10, 2025, the Clerk of the Puerto Rico Court of First Instance issued the corresponding *Order and Mandate* ("Orden y Mandamiento Judicial" in Spanish) (dkt. #79, pp. 17-19)[7], which was presented in Karibe, the digital platform of the Puerto Rico Real Property Digital Registry ("Registro Inmobiliario Digital de Puerto Rico" in Spanish) on September 10, 2025, and recorded at entry no. 2025-106131-GA01 of Property No. 11231 on January 12, 2026. See *Motion to Inform Recordation of Pre-Petition State Court Order by Property Registry*, dkt. #79.

---

[4] Ibid.
[5] Ibid.
[6] Ibid.
[7] Ibid.

B. The Bankruptcy Case, Case No. 25-04341

12. On September 27, 2025, ECGPR filed a petition for relief under Chapter 11 of the Bankruptcy Code. See dkt. #1.

13. On December 16, 2025, the court held both a status conference and a hearing to consider the motion for relief from stay filed by Movants (dkt. #31, 33, 34, 43, 46, 47, 48, 49).[8] The minutes reflect the following:

> The court informed the parties of its two (2) concerns: (i) whether it was proper for the court to entertain the key issue in the case, that is, the controversy between the Debtor and the Movants —who have also filed an Adversary Proceeding, Adv. Proc. No. 25-00056, questioning the dischargeability of the debt— in light of the circumstances and because there are issues in state court; and (ii) that the motions under the court's consideration include a substantial number of documents in Spanish, which this court cannot entertain.
>
> The parties first discussed the status of the case. Counsel for the Debtor informed that they filed a Status Report (dkt. #36) summarizing the events that led to the filing of the bankruptcy petition, including a pending civil case for collection of monies against the Debtor.
>
> …
>
> Counsel for the Movants argued that the case concerns a single asset and is a two-party dispute between the Debtor and the Movants over said asset, a valuable piece of land, that should be resolved in state court. Counsel for the Movants also argued that abstention is proper as there is no bankruptcy purpose in the case and raised an issue regarding the lease of a property owned by the Debtor to its principal. As to the value of the property in controversy, counsel for the Debtor stated that the value included in the schedules is based on an appraisal of the property. The court noted that there was a substantial difference between the property's purported value, as disclosed in Debtor's schedules, and what the Debtor paid for the property.
>
> …
>
> After hearing the parties, the court reiterated its strong concern about the propriety of the court entertaining this bankruptcy petition in light of the facts and issues before the court and the pending state court litigation, which may support that the court should abstain under Section 305 of the Bankruptcy Code. As such, the court will enter orders requiring the Debtor to produce certain evidence and for the Movants to brief the court as to abstention under Section 305 of the Bankruptcy Code. The court notified the parties that it will hold in abeyance a decision on the *Motion for Relief from Stay* (dkt. #31) pending a decision on whether abstention under Section 305 of the Bankruptcy Code is proper.

[8] The motion for relief from stay was denied as moot on February 27, 2026. See *Order*, dkt. #92.

> … The Movants shall brief the court on abstention under Section 305 of the Bankruptcy Code …
>
> **Order**
> … Movants shall brief the court on abstention under Section 305 of the Bankruptcy Code … if appropriate.

*Minutes of Hearing Held on December 16, 2025*, dkt. #52, pp. 1-3.

14. On December 22, 2025, López Avilés filed Proof of Claim No. 3 and Maymí Osorio filed Proof of Claim No. 4, each in the unsecured amount of $312,500.00 on account of "Sale of real property that is subject of a lawsuit" (Proof of Claim No. 3-1, p. 2, item no. 8; Proof of Claim No. 4-1, p. 2, item no. 8). Attached to both claims is a copy of the adversary proceeding complaint filed against ECGPR.

15. The remaining claims are the following: Proof of Claim No. 1 filed by the Puerto Rico Department of the Treasury ("Departamento de Hacienda") in the amount of $25.00; Proof of Claim No. 2 filed by Banco Popular de Puerto Rico – Special Loans Division in the unsecured amount of $22,479.00 on account of a money loaned via a corporate credit card; and, Proof of Claim No. 5 filed by Ricardo Alejandro Cruz in the unsecured amount of $100,000.00 on account of a loan.

16. On January 19, 2026, Movants filed the *Motion for Abstention* (dkt. #62), to which ECGPR filed an *Opposition* on January 20, 2026 (dkt. #63), Movants filed a *Reply* on January 23, 2026 (dkt. #72), and ECGPR filed a *Sur-Reply* on January 26, 2026 (dkt. #74).

17. On February 26, 2026, Movants filed a motion to suspend all proceedings in this Chapter 11 case pending a determination of the *Motion for Abstention* (dkt. #87), to which ECGPR filed an opposition on February 26, 2026 (dkt. #88), and Movant filed a reply on February 26, 2026 (dkt. #89). The court granted Movants' motion to suspend proceedings on February 27, 2026, See *Order*, dkt. #92.

18. August 6, 2026, ECGPR filed a *Motion Requesting Prompt Resolution of Pending Abstention Issue and Resetting of Hearing on Final Approval of Disclosure Statement and*

*Confirmation of Chapter 11 Plan* (dkt. #107), to which Movants filed an objection (dkt. #108), and ECGPR filed a reply (dkt. #109).

C. The Adversary Proceeding, Adv. Proc. No. 25-00056

19. On November 6, 2025, Movants filed an adversary proceeding complaint against ECGPR seeking, among other things, a declaratory judgment as to the ownership of the Property, the imposition of a constructive trust and mortgage over the Property, and declaration that their claim is non-dischargeable under 11 U.S.C. § 523(a)(2)(A) (Adv. Proc. No. 25-00056, dkt. #1).

20. On December 1, 2025, ECGPR filed an *Amended Anwer to Complaint* (Adv. Proc. No. 25-00056, dkt. #8), wherein they deny the facts alleged in the complaint, and alleged that

> [a]t the time of the sale, Plaintiff's made … representations to Defendant as to the potential for development of the piece of land, and also as to the extension of the lot of land that justified the priced agreed upon for the same.
>
> … Defendant … performed an appraisal of the property in preparation for the documents needed to be submitted to any financial institution to procure the loan, however, it was a surprise to learn that because most of the property is under the protection of the Department of Natural Recourses and Federal Reserve, the property had a minimal value of $117,000.00.
>
> Such situation motivated the filing of the present bankruptcy petition.

Id., ¶¶ 13-18.

21. On January 27, 2026, ECGPR filed a *Motion to Dismiss Under Rule 12(b)(6) of the Federal Rules of Civil Procedure* ("**Motion to Dismiss**", dkt. #11) stating, *inter alia*, that "[a]t the time of the sale in 2022, **no appraisal was performed to the property**" (id., p. 3, ¶ 6) (boldface added).

22. On February 4, 2026, Movants filed an *Objection to Motion to Dismiss Complaint (Dkt. No. 11)* (dkt. #12), to which ECGPR filed a *Short Reply [] to Plaintiffs' Opposition to Motion to Dismiss* on February 6, 2026 (dkt. #15).

23. On February 6, 2026, the preliminary pretrial conference scheduled for February 23, 2026, was continued pending a decision on the *Motion to Dismiss*. See *Order*, dkt. #13. In so doing, the court noted that the *Motion for Abstention* was pending in the bankruptcy case.

Position of the Parties

Movants argue that this court should abstain under Section 305 because "there is no valid bankruptcy purpose. ECGPR LLC is not in financial extremis. There is no financial crisis that precipitated the commencement of this Chapter 11 case. To the contrary, ECGPR LLC holds legal title to real property …" (dkt. #62, pp. 7-8, ¶ 44). Movants argue that "[t]he absence of a valid bankruptcy purpose warrants dismissal", citing In re Efron, 535 B.R. 505, 511 (Bankr. D.P.R. 2014), *aff'd*, 529 B.R. 396 (1st Cir. 2015). They argue that the court should abstain because this is a two-party dispute between Movants and ECGPR concerning the ownership of real property, which must be determined under state law in state courts, specifically the pending State Court Action (dkt. #62, p. 8, ¶¶ 49-51). Movants argue that judicial economy and efficiency also favor abstention.

In turn, Debtor argues that this case is not a two-party dispute, and that although Movants are among Debtor's largest creditors, there are other creditors and stakeholders whose interests are served by the centralized claims process and court-supervised plan treatment, they have filed their corresponding proof of claims and are in the process of voting for the confirmation of the plan" (dkt. #63, p. 3, ¶ 11). Debtor argues that Section 305 authorizes dismissal when the interests of *both* the creditor and the debtor are better served, citing In re Whitby, 51 B.R. 184, 185 (Bankr. E.D. Mich. 1985), Matter of WPAS, Inc., 6 B.R. 44 (Bkrtcy.M.D.Fla.1980), and In re Safon Ochart, 74 B.R. 131, 134 (Bankr. D.P.R. 1986). Debtor argues that Movants have not met their burden under 11 U.S.C. § 305(a)(1) to show that dismissal or suspension would better serve the interests of the Debtor and the creditor's body as a whole. With respect to whether state law issues predominate, Debtor states that "from the reading of the pleadings of the civil suit, the same is framed as a collection of monies, which are the normal civil suits a Debtor confronts and/or are pending before the filing of a bankruptcy case. Movants' own filing of an adversary proceeding in this Court confirms that this forum is capable of resolving their dispute while administering the Chapter 11 case" (dkt. #63, p. 5). Debtor also argues that a legitimate bankruptcy purpose exists.

In their R*eply*, Movants argue that Debtor has failed to articulate a meritorious reason as to why the litigation between the parties should not continue in the state court system, and to articulate how judicial economy and efficiency are fostered by proceeding in this court. In their *Sur-Reply*, Debtor argues that the existence of pending state litigation does not compel abstention, particularly where centralized adjudication promotes consistency and efficiency, and that Movants' own decision to file an adversary proceeding confirms that this forum is both appropriate and capable of resolving their claims.

Applicable Law and Discussion

A. Abstention and Dismissal Pursuant to § 305(a)(1)11

Section 305(a) of the Bankruptcy Code, which governs abstention, reads as follows:

> (a) The court, after notice and a hearing, may dismiss a case under this title, or may suspend all proceedings in a case under this title, at any time if--
>
> > (1) the interests of creditors and the debtor would be better served by such dismissal or suspension …

11 U.S.C. § 305(a)(1).

In In re Efron, 529 B.R. 396 (B.A.P. 1st Cir. 2015), the Bankruptcy Appellate Panel for the First Circuit (the "**Panel**") stated the following regarding the abstention provisions of Section 305:

> The issue of abstention under § 305 can be raised by the bankruptcy court *sua sponte*. In re ELRS Loss Mitigation, LLC, 325 B.R. 604, 634 (Bankr. N.D. Okla. 2005); see also In re Duratech Indus., Inc., 241 B.R. 283, 287 (E.D.N.Y. 1999). A bankruptcy court's decision to abstain under § 305(a) is discretionary and must be made on a case-by-case basis. In re ELRS Loss Mitigation, 325 B.R. at 634 n.101. Although abstention in a properly filed bankruptcy case is an extraordinary remedy that should be used sparingly, dismissal is appropriate where the court finds both creditors and the debtor would be better served by dismissal than they would by the continuation of the case. See, e.g., In re Kology, No. 12–14992–WCH, 2013 Bankr. LEXIS 5106, 2013 WL 6331016, at *4 (Bankr. D. Mass. Dec. 5, 2013) (citing In re Eastman, 188 B.R. [621, 625 (B.A.P. 9th Cir. 1995))]; In re Costa Bonita Beach Resort, Inc., 479 B.R. 14, 46 (Bankr. D.P.R. 2012); In re Mazzocone, 200 B.R. [568, 575 (E.D. Pa. 1996)].

> Courts have considered a wide variety of factors to evaluate whether abstention is appropriate under § 305(a), including: (1) the purpose of the bankruptcy; (2) the necessity of federal proceedings to achieve a just and equitable solution; (3) the availability of another forum to resolve the unsettled issues; (4) the efficiency and economy of having the bankruptcy court settle the matter; (5) the possible prejudice to the various parties; and (6) whether the bankruptcy forum is being used to resolve what is in essence a two-party dispute. See, e.g., In re Seff Enters. & Holdings, LLC, No. 09–13568–MWV, 2010 WL 7326760, at *2 (Bankr. D.N.H. Feb. 26, 2010) (citing In re Deacon Plastics Mach., Inc., 49 B.R. 982, 982 (Bankr. D.Mass. 1985); In re Nesenkeag, Inc., 131 B.R. 246, 247 (Bankr. D.N.H. 1991)); In re Mazzocone, 200 B.R. at 575; In re Fax Station, Inc., 118 B.R. 176, 177 (Bankr. D.R.I. 1990). "[T]he exact factors to be considered and the weight to be given each of them is highly sensitive to the facts of each individual case." In re Mazzocone, 200 B.R. at 575 (citations omitted).
>
> A significant factor in favor of dismissing a case pursuant to § 305(a)(1) is the absence of a true bankruptcy purpose, particularly where the bankruptcy case constitutes a two-party dispute between the debtor and a single creditor. See, e.g., In re Duratech Indus., 241 B.R. 291, 300 (Bankr. E.D.N.Y. 1999) (dismissing bankruptcy case pursuant to § 305(a)(1) where debtor had pending business tort litigation against a creditor in state court and resolution of the bankruptcy depended entirely on the outcome of the state court proceeding); Remex Elecs. Ltd. v. Axl Indus., Inc. (In re Axl Indus., Inc.), 127 B.R. 482, 484 (S.D.Fla. 1991) ("Generally, a [bankruptcy] court should not take jurisdiction over a two-party dispute, unless special circumstances exist.") (citation omitted); see also In re Spade, 258 B.R. 221 (Bankr. D.Colo. 2001) (dismissing involuntary chapter 7 petition where bankruptcy was filed in response to a two-party dispute between debtor and a single creditor).
>
> …
>
> Bankruptcy courts have also ruled in favor of abstention when the parties have access to a state court forum that has greater expertise than a bankruptcy court on the key issues impacting the bankruptcy case. In re T.D.M.A., Inc., 66 B.R. 992, 995 (Bankr. E.D.Pa. 1986) (concluding that bankruptcy courts should abstain when another forum has a particular expertise which is relevant to the matters in dispute); see also In re Mazzocone, 183 B.R. 402, 421 (Bankr. E.D.Pa. 1995) ("Because a bankruptcy court is often not the proper forum in which to adjudicate non-bankruptcy issues, litigation of such issues is frequently best left to the state courts and should not be imposed upon this specialty court unless necessary to resolve a bankruptcy-centered dispute.").

In re Efron, 529 B.R. at 405-407. See also 3rd Millennium Surgery Ctr. LLC, 2023 WL 4921573, at *4 (Bankr. D.P.R. Aug. 1, 2023).

B. Discussion

Based upon a review of the docket in both this bankruptcy case and the related adversary proceeding, the court finds the following: ECGPR purchased the Property for $900,000 without first obtaining an appraisal. Thereafter, in connection with obtaining financing for the outstanding balance, ECGPR obtained an appraisal and thereby became aware that the Property was allegedly valued at an amount substantially less than its purchase price. Notwithstanding that ECGPR owed $625,000, Movants voluntarily remitted the mortgage note to ECGPR, who subsequently cancelled the note. The State Court Action was filed in connection with these events and asserts claims arising from the sale of the Property, including breach of contract, fraud, unjust enrichment, and the imposition of a constructive trust. The Debtor has represented that its decision to seek bankruptcy relief was motivated by its dispute with Movants. The claims register further demonstrates that Movants, both jointly and individually, are ECGPR's largest creditors. Compare Proof of Claim Nos. 3-1 ($312,500.00) and 4-1 ($312,500.00) with Proof of Claim Nos. 1-1 ($25.00), 2-1 ($22,479.00), and 5-1 ($100,000.00).

Considering the foregoing and the totality of the circumstances, the court concludes that dismissal of this bankruptcy case and the related adversary proceeding is warranted pursuant to the abstention provisions of 11 U.S.C. § 305. At its core, this bankruptcy case arises from what is, in essence, a two-party dispute concerning the sale of the Property and the parties' respective rights and obligations arising therefrom. The State Court Action provides the appropriate forum for resolving those underlying substantive issues, including the parties' respective rights to the Property and any liability arising from its sale. Permitting the state court (which has already issued findings, orders, and mandates) to adjudicate those issues will avoid duplicative litigation and allow this court, if necessary, to address any liability subsequently established through the ordinary claims-administration process. In this respect, dismissal better serves the interests of both the Debtor and its creditors by permitting the underlying dispute to be resolved in the forum best situated to adjudicate the state-law issues, while preserving the parties' ability to present any resulting claim to this court. Accordingly, dismissal will not prejudice the parties. Rather, it

promotes judicial economy and the orderly administration of the bankruptcy estate by allowing the state court to determine the parties' substantive rights and obligations before this court is called upon to adjudicate any resulting claim.

Moreover, the documents upon which the parties rely are in the Spanish language, and no English translations have been provided, nor has leave been sought to rely upon untranslated documents. Requiring this court to adjudicate matters that are already the subject of ongoing state-court proceedings would unnecessarily duplicate judicial efforts and expend judicial resources.

Accordingly, the interests of efficiency, judicial economy, and the orderly administration of justice are best served by permitting the state court to continue adjudicating the parties' dispute. The court therefore finds that dismissal of this bankruptcy case and the related adversary proceeding is appropriate pursuant to the abstention provisions of 11 U.S.C. § 305.

CONCLUSION

For the reasons stated herein, the *Motion for Abstention* (dkt. #62) is GRANTED. Consequently, this bankruptcy case and its related adversary proceeding are hereby dismissed.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 14th day of August 2026.

Enrique S. Lamoutte
United States Bankruptcy Judge